777 N.W.2d 584 (2010)
279 Neb. 417
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, Relator,
v.
Thomas D. GRABINSKI, Respondent.
No. S-06-1126.
Supreme Court of Nebraska.
February 12, 2010.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
This case is before the court on the voluntary surrender of license filed by respondent, Thomas D. Grabinski, on January 11, 2010. The court accepts respondent's surrender of his license and enters an order of disbarment.

*585 STATEMENT OF FACTS
Respondent was admitted to the practice of law in the State of Nebraska on May 8, 1985.
Respondent is currently under investigation by the Office for the Counsel for Discipline of the Nebraska Supreme Court based on his convictions in the case of "State of Arizona v. Thomas Dale Grabinski, CR XXXX-XXXXXX, [filed] in the Superior Court of Arizona for Maricopa County." In that case, respondent was convicted by a jury of felony fraud and racketeering. Respondent was sentenced on September 29, 2006, to prison terms of 6 years on one count and 5 years on another count, to be served concurrently. Based on respondent's convictions, this court suspended respondent's license on November 15, 2006, until further order of this court.
On January 11, 2010, respondent filed with this court a pleading surrendering his license to practice law in the State of Nebraska. In this pleading, respondent does not challenge or contest the truth of the allegations made against him. In addition to surrendering his license, respondent consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment.

ANALYSIS
Neb. Ct. R. § 3-315 provides in pertinent part:
(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.
Although the filing of January 11, 2010, presently before the court does not precisely track the language of § 3-315, we nevertheless find that the content of this pleading satisfies § 3-315, and pursuant to § 3-315, respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

CONCLUSION
Upon due consideration of the court file in this matter, the court finds that respondent has stated that he knowingly does not challenge or contest the truth of the allegations against him that he was found guilty of felonies based on fraud and racketeering. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007) and Neb. Ct. R. §§ 3-310(P) and 3-323 within 60 days after an order imposing costs and expenses, if any, is entered by the court.
JUDGMENT OF DISBARMENT.